# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MELODIE SHULER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CV422-128 |
| SHERIFF WILLIAM BOWMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Proceeding *pro se* and *in forma pauperis* (IFP), Melodie Shuler has filed this civil rights case against various Liberty County Jail staff and members of the Hinesville, Georgia Police Department. *See generally* doc. 1. She alleges that they have refused to provide appropriate medical care, denied her access to the courts, and retaliated against her, among other claims. *See generally id.* Her Complaint is handwritten and, though it is well-organized, does not include all of the information requested in the form complaint, discussed below. Since the missing

information may be critical to the Court's evaluation of Shuler's Complaint, the Court will require her to replead using the form.[1]

The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 at * 1 n. 4 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and exhaustion of administrative remedies. *See, e.g.*, *Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). Plaintiffs filing hand-written complaints typically omit those prophylactic questions from their filings.

---

[1] The Court notes that Shuler has also failed to either pay the required filing fee or move to proceed *in forma pauperis*. *See* doc. 2. The Clerk has notified her of that deficiency. *Id.* This Order's requirement that she refile her Complaint using the standard form is an additional requirement to compliance with the Clerk's Deficiency Notice. Failure to comply with either the Clerk's Notice or this Order may result in a recommendation of dismissal. *See* Fed. R. Civ. P. 41(b).

Accordingly, plaintiff must resubmit her complaint on this Court's form within thirty days of the date this Order is served. Plaintiff is therefore **DIRECTED** to complete the attached Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner),[2] which requires that prisoner plaintiffs disclose the steps they have taken to exhaust available administrative remedies, and information about their litigation history, including: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. As the Form makes clear, that information is necessary for the Court's evaluation of the Complaint, pursuant to 28 U.S.C. § 1915(g) and 42 U.S.C. § 1997e(a). Plaintiff is advised that her resubmitted Complaint will supersede the original version and must be complete in itself. *See, e.g., Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir 2007); *Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

---

[2] The Clerk is **DIRECTED** to include a blank copy of the Court's Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) with the service copy of this Order.

3

**Failure to comply with this Order within thirty days from the date it is served will result in a recommendation that this case be dismissed.**

**SO ORDERED,** this 23rd day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA