UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MELODIE SHULER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV422-128 |
| ) | |
| SHERIFF WILLIAM BOWMAN, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

*Pro se* plaintiff Melodie Shuler filed this 42 U.S.C. § 1983 case alleging that she is subjected to unconstitutional conditions of confinement at the Liberty County Jail. *See* doc. 1. When she filed her Complaint, she failed to either pay the filing fee or move to proceed *in forma pauperis*. *See* doc. 2 (Deficiency Notice). The Court also directed her to resubmit her Complaint using the Court's form for prisoner § 1983 complaints. *See* doc. 4. She moved to proceed *in forma pauperis*. Doc. 7. She also filed a request for additional time to submit her Amended Complaint, *see* doc. 11, and attached what may be a draft version of the required Amended Complaint, *see* doc. 11-2. Finally, she filed a procedurally ambiguous request, discussed more fully below. Doc. 8.

1

First, because Shuler appears to lack the funds to pay the Court's filing fee, her Motion to Proceed *in Forma Pauperis* is **GRANTED**. Doc. 7. The Court's granting leave to permit Shuler to pursue this case *in forma pauperis* does not, in any way, indicate the Court's assessment of the merits or procedural propriety of her pleading. Subject to her compliance with this Order, the Court will screen her pleading pursuant to 28 U.S.C. § 1915A.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), *all* prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner IFP litigants must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id*. The entire filing fee must be paid even if the suit is

dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the PLRA now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions filed after April 26, 1996, are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the Complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The PLRA also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if

the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

Because of these legal parameters, the Court will give plaintiff an opportunity, at this time, to voluntarily dismiss the Complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require plaintiff to pay the filing fee or count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g).

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where she has been confined for the past six months. The trust officer will

---

[1] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2) Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, plaintiff gives her consent to the collection of the entire filing fee from her prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3) Plaintiff must return both the **Prisoner Trust Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within fourteen days of the date this Order is served.

The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a Prisoner Trust Account Statement form, and (2) the Consent to Collection of Fees from Trust Account form.

Plaintiff shall have fourteen days from the service of this Order to fill out and return **both forms**. Once plaintiff has complied with the conditions of this Order, the Court will review plaintiff's Complaint to determine which, if any, claims are viable and which, if any, defendants

should be served with a copy of the Complaint. If no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed.

Second, Shuler's request for additional time to submit her Amended Complaint is **GRANTED**. Doc. 11. She is **DIRECTED** to file her Amended Complaint no later than January 20, 2023. To the extent that she wishes to file the draft Amended Complaint submitted with her extension motion, doc. 11-2, she may file a notice requesting that the Clerk file that attachment as her Amended Complaint. She is reminded that any amended complaint that she submits will supersede all prior versions of her pleadings and, therefore, must be complete in itself. *See, e.g., Pintando v. Miami-Dade Housing Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007); *Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999).

Finally, Shuler has filed a Motion that complains that she is unable to discover the "full names" of various defendants. *See* doc. 8 at 1. She also requests leave to alter the capacities in which she is suing several defendants. *Id.* at 2. She also inquires about "how to do certificate of services due to being incarcerated." *Id.* While the Court cannot assist

Shuler in drafting her pleadings, she is advised that "identification of any defendant by his or her title, surname, and location is more than sufficient for them to be a real party to this action." *Russo v. Dunn*, 2017 WL 8159313, at *9 (N.D. Ala. Nov. 20, 2017). If even that information is unavailable to Shuler, she should attempt to "provide an adequate description of some kind which is sufficient to identify the person." *Keno v. Doe*, 74 F.R.D. 587, 588 n. 2 (D.N.J. 1977). Since no party has been served, her request for a court order requiring Defendant Bowman to provide information is premature. *See, e.g.,* Fed. R. Civ. P. 37(a). As to her inquiry concerning "certificates of service," the Court cannot provide legal advice. *See, e.g., Mikell v. United States*, 2009 WL 3201769, at *1 (S.D. Ga. Oct. 6, 2009). Since Shuler is authorized to proceed *in forma pauperis*, subject to her compliance with the requirements discussed above and the Court's screening her claims pursuant to 28 U.S.C. § 1915A, she is entitled to service of process by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since she will have a further opportunity to amend her Complaint, her request to change the capacity in which any defendant is sued is moot. She remains free to clarify in what capacity each defendant is sued in her Amended Complaint. Since

7

Shuler's Motion makes no colorable request for relief, it is **DENIED**.  Doc. 8.

In summary, Shuler's request to pursue his case *in forma pauperis* is **GRANTED**.  Doc. 7.  She must return the forms, as instructed above, no later than fourteen days from the date of this Order.  Shuler's Motion for additional time to submit her Amended Complaint is **GRANTED**.  Doc. 11.  The Clerk is **DIRECTED** to enclose a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with this Order for Shuler's convenience.  **Shuler is advised that failure to comply with all instructions in this Order may result in a recommendation that her case be dismissed.**  *See* Fed. R. Civ. P. 41(b).  Finally, her "Motion Requesting Information and Permission to Change the Caption . . ." is **DENIED**.  Doc. 8.

**SO ORDERED,** this 6th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA